Paul Janzen, OSB #176240
paul@ruggedlaw.com
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorneys for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Daniel Penna, an Individual,<br><br>                Plaintiff,<br><br>    v.<br><br>North Clackamas School District and the Oregon Department of Education,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $1,000,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Daniel Penna, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to heart of an individual's fundamental right to free religious expression, freedom to make one's own medical decisions, and freedom from medical experimentation. This case also grapples with controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. In the end, though, this case is about the Plaintiff and the unlawful whistleblower retaliation and religious discrimination he encountered

at the hands of his employer, North Clackamas School District.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Daniel Penna, lives in Clackamas County, Oregon. Defendant North Clackamas School District is an education service district with over 100 employees and is an entity that does regular, sustained business activity in the State of Oregon. Defendant the Oregon Department of Education is an administrative Agency of the State of Oregon. The Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about June 22, 2022. He also submitted a tort claim notice to the defendants on April 15, 2022 providing notice of the claims asserted in this complaint.

2.

At all times material to this Complaint, Plaintiff was a resident of Clackamas County, Oregon.

3.

At all times material to this Complaint, Defendant North Clackamas School District and the Oregon Department of Education were regularly conducting business in the State of Oregon. Both defendants are state actors.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under state and federal law. Plaintiff has federal question jurisdiction in this court pursuant to the claims asserted below.

## STATEMENT OF FACTS

5.

Plaintiff Daniel Penna was an experienced and committed employee who was hired on February 26, 1999 by the North Clackamas School District ("NCSD"). During the time material to this complaint, Mr. Penna was employed as head custodian at Rex Putnam High School on

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

4950 SE Roethe Rd. in Milwaukie, OR 97267, Clackamas County, Oregon by North Clackamas School District.

6.

Mr. Penna performed his job with diligence and competence. He was careful to protect himself and others by wearing masks when required and by staying home if he was experiencing symptoms of any infectious disease. Due to his care with personal health maintenance, Mr. Penna was rarely sick. Mr. Penna received awards by the district for an excellent attendance record on several occasions.

7.

The Oregon Department of Education ("ODE") enacted an administrative regulation in September 2021 imposing a vaccination requirement on schoolteachers within the state of Oregon, that required all employees to receive a COVID-19 vaccine. The mandate carved out two exceptions for those employees with sincerely held religious beliefs and those employees with medical issues that required exemption from the vaccine.

8.

Mr. Penna applied for an exception to the vaccine mandate based on his sincerely held religious beliefs that are protected under ORS 659A.030(1) and Title IV of the United States Civil Rights Act. He objected in writing to the illegality and unconstitutionality of the Covid-19 Vaccine Mandate and other unlawful regulations imposed by the Oregon Department of Education and informed his school District, which was acting as an agent of the Oregon Department of Education to enforce the Covid-19 Mandate.

9.

He informed the school principal and district human resources representative, agents of the defendants in managerial positions, that the imposition of the compulsory vaccination regime violated his fourth amendment rights to be secure in his person, fifth amendment rights against self-incrimination, and his right to be free from compulsory testing and medical treatments. He

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

stated that taking the vaccine and sharing his medical information violated his religious beliefs, and sought a religious exception from the administrative vaccine mandate. He also included a reservation of rights clause reserving all other constitutional rights that were violated by the vaccine mandate, including the right to be free from compulsory medical experimentation and compulsory genetic testing.

10.

In retaliation for his letter informing the district of its violation of various legal and constitutional provisions when it imposed the mandate and in retaliation for his assertion of his sincerely held religious beliefs in opposition to the mandate, North Clackamas School District demanded that he be further compelled to undergo experimental medical procedures such as Covid-19 PCR tests and use medical devices without a diagnosis of need by a medical professional and without due process for the compulsory medical procedure. Mr. Penna informed them that the "accommodations" demanded were a violation of his religious beliefs and constitutional rights to be free from compulsory medical treatment, and were therefore unreasonable.

11.

Similarly situated vaccinated employees were not required to wear N-95 masks, take Covid-19 PCR tests, eat alone, or perform any of the additional "accommodation" requirements that Mr. Penna was demanded of. On information and belief, the "accommodation" policy was not drafted by a licensed physician and did not include a scientific assessment of the risks of Covid-19 transmission by vaccinated verses unvaccinated individuals. Since the Covid-19 vaccines had not been tested for efficacy, but had instead been designed to reduce disease symptoms, there was a serious problem with breakthrough cases of vaccinated individuals contracting and spreading Covid-19, particularly with the advent of the Delta variant. The policies created by the defendants were not narrowly tailored to achieve a compelling governmental interest of reducing disease transmission. In fact, they failed the rational basis test.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

They made irrational distinctions between vaccinated and unvaccinated individuals with similar risks of contracting and spreading covid-19. The people adversely affected were those who submitted religious exemptions from the vaccine mandate.

12.

At the time Plaintiff was terminated by Defendant NCSD, Mr. Penna was making approximately $81,480.68 annually with a generous PERS benefits package which was worth an additional $50,655.61 per year for a total of $132,136.29 per year.

13.

Plaintiff is a Devout adherent of the Christian faith. He firmly believes the Bible and seeks to comprehensively follow its instructions as a guide for his life. His interpretation of the Bible, which forms his religious beliefs, guides all of his most important decisions in life and governs his beliefs about ethics and morality, life and death, heaven and hell.

14.

It is unlikely plaintiff will be able to obtain a job at a different institution with the same level of pay and benefits that Mr. Penna had at his previous position, resulting in harm to his career which will likely result in about $50,000 in lost wages and benefits over the course of the next ten years, for a total of $500,000 or an alternative amount to be determined at trial.

15.

Until the COVID-19 vaccine mandate, Plaintiff's faith had not caused a conflict with his work requirements.

16.

The COVID-19 pandemic manifested in Oregon in late February of 2020. However, decades of emergency preparedness had infectious disease control statutes and policies were summarily ignored. Oregon law requires specific due process requirements to prevent deprivation of liberty during infectious disease outbreaks. Any disease control measure imposed on the population be immediately proceeded within 72 hours with a hearing in every county

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

where the mandate is imposed, with a notice to the individual on which the mandate is imposed that the individual has the right to a hearing on the continued imposition of the infectious disease measure, up to and including quarantine. The hearing must provide the person's subject to the compulsory infection control measure the right to counsel at the expense of the state. The State must also present testimony from a licensed physician explaining why the compulsory infection control measure is medically necessary, and why it cannot be achieved through voluntary compliance. Any compulsory infectious disease control measure must be the least restrictive measure necessary to contain the disease outbreak. See ORS 433.121(c)(A) (The government entity seeking imposition of quarantine measures must "Describe the reasonable efforts made to obtain voluntary compliance with a request for an emergency public health action including requests for testing or medical examination, treatment, counseling, vaccination, decontamination of persons or animals, isolation, quarantine, and inspection and closure of facilities; or (B) Explain why reasonable efforts to obtain voluntary compliance are not possible and why the pursuit of these efforts creates a risk of serious harm to others;"

17.

Quarantine Measures are defined broadly as follows: "Isolation or quarantine must be by the least restrictive means necessary to prevent the spread of a communicable disease or possibly communicable disease to others or to limit exposure to or contamination with a toxic substance by others, and may include, but is not limited to, confinement to private homes or other public or private premises." ORS 433.128(1). Furthermore, Oregon law prohibits compelling anyone to use a specific medical treatment for any infectious disease. "Isolation or quarantine shall not abridge the right of any person to rely exclusively on spiritual means to treat a communicable disease or possibly communicable disease in accordance with religious or other spiritual tenets and practices." ORS 433.128(10)(a). In other words, an infectious disease control mandate, cannot force religious people to use a specific means of treating an infectious disease. This includes the Covid-19 Vaccine.

18.

This statute was sadly ignored by the Oregon Department of Education and the NCSD when it imposed the vaccine mandate on the Plaintiff. This statute is important, because it outlines the due process requirements that the state of Oregon requires in order to deprive someone of their liberty interests during a quarantine. The due process requirements of the Fourth Amendment require notice and a hearing prior to a deprivation of a liberty interest. Since Oregon statutes specifically set forth what those procedures are, the Oregon Department of Education had a duty to comply with them.

19.

Requiring a compulsory vaccine as a condition of employment constitutes a deprivation of a liberty interest. A person's job is a property interest. Competent adults have a fundamental right to decline even life-saving medical treatment.

20.

None of the available "vaccines" used to treat Covid-19 were approved for the purpose of preventing disease transmission. The lone "approved" Comirnaty product was approved only for reducing symptoms and was not tested and evaluated for it efficacy in reducing disease transmission. Furthermore, it was never manufactured and distributed within the united states in accordance with the FDA's approved labeling. Instead, Pfizer continued to distribute vials of the vaccine that were manufactured and labeled under emergency use authorization.

21.

Federal law does not permit an employer to mandate any vaccine that is distributed under emergency use authorization since it is by its very nature experimental.

22.

Furthermore, the approval process of Pfizer's Comirnaty product was substantially short-circuited by "operation warp speed", eliminating many of the animal and human safety studies that are normally conducted prior to FDA Approval. Furthermore, long term studies on long

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

term side effects have not been completed. Also, the available vaccines all involve the use of the Covid-19 spike protein. The effects of that protein on the human body are largely unknown. The Pfizer and Moderna vaccines both use MRNA, a novel method of vaccination with a track record of severe side effects in animals. Therefore, until long term studies have been conducted on the effects of the available vaccines, all the vaccines available for administration at the time Mr. Penna was terminated were medical experiments.

23.

The Jacobson v. Massachusetts case is distinguishable on several grounds from the case at bar. First, the Jacobson case involved a smallpox vaccine which had been in existence for over 100 years in the United States. The risks and benefits of vaccination were well known. Second, the death rate of small pox was about 30%. It was much more deadly than Covid-19. Consequently, the government had a much higher compelling interest in controlling its spread through compulsory means. Finally, although strict scrutiny was still in development, the Supreme court applied at least two prongs of the strict scrutiny standard and found that the law passed the standard of strict scrutiny because it was narrowly tailored to achieve a compelling governmental interest.

24.

The vaccine mandate was limited to a small geographic area (the city of Boston) and there was a severe smallpox outbreak at the time in that city. In contrast, the Oregon Department of Education imposed its mandate on all school employees throughout the state, regardless of the level of infection or the extent of disease outbreaks in the locations it was imposed.

25.

Furthermore, the punishment imposed for failing to get vaccinated was not an excessive fine in violation of the Seventh Amendment to the United States Constitution. It was a fine of $5, or about $500 in today's currency. He did not receive a $500 fine. Instead, the vaccine mandate imposed on him took away his job in which he was making over $100,000 per year in

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

salary and benefits. The severe punishment of termination for violating the vaccine mandate constitutes an excessive fine under the 7th Amendment's Excessive fines clause which is applicable to the states through the 14th amendment.

26.

Mr. Jacobson was given all of the benefits of constitutional criminal procedure. He had an opportunity for a full jury trial, and was convicted of the misdemeanor offense by a jury of his peers. Mr. Penna did not receive any due process. He did not receive a notice that the vaccine mandate was going to be forcibly imposed along with an opportunity to contest it in court as required by the Due Process Clause and Oregon law. Instead, Mr. Penna was simply informed that he would be terminated if he did not get vaccinated or submit a religious exemption.

27.

When he submitted his religious exemption, his employer demanded that he submit to a series of unnecessary and onerous "accommodations" which were illegally prescribed without a licensed physician, constituted additional compulsory medical procedures, and were not narrowly tailored in any way based on localized disease outbreaks or Mr. Penna's risk of contracting or transmitting Covid-19 as a janitor with minimal student and teacher interaction.

28.

Mr. Penna proposed two alternative means of accommodation. First, allow him to return to work under a religious exemption without any additional discriminatory "accommodations". Second, release him from work with paid leave until the pandemic is over. The defendant NCSD refused to accept either of his proposed accommodations and terminated him on October 20, 2021.

29.

Since Mr. Penna's employers are state actors, they are required to comply with the provisions of the United States Constitution in the way Mr. Penna's employment is handled.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

30.

 After several months without work, Mr. Penna did mitigate his damages, and found a new job with pay and benefits that were substantially less than when he was employed.

31.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating its vaccine mandates, onerous "accommodations", and subsequent termination.

32.

Plaintiff's termination date was October 20, 2021.

33.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were pretextual to Defendant's unlawful discrimination against Plaintiff based on his whistleblower statements, his sincerely held religious beliefs, and unacceptable retaliation for expressing those beliefs and making those statement. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

34.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss ($500,000 or an alternate amount to be determined at trial) and severe emotional distress due to the Defendants' ostracism and stigmatization on account of his religious beliefs ($1,500,000.00, or an alternate amount to be determined at trial).

35.

Compensation for Plaintiff's economic and non-economic damages alone would be unlikely to deter future illegal and unconstitutional conduct by the defendants. Therefore,

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff seeks $10,000,000.00 in punitive damages, or an alternate amount to be determined at trial, but not less than what a jury deems adequate to deter future illegal acts by the defendants.

## FIRST CLAIM FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

36.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

37.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

38.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

39.

When Plaintiff raised his well-founded and sincere religious objections to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with the same requirements that were expected of unvaccinated employees.

40.

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendant unlawfully terminated the Plaintiff. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

41.

As a result of Defendant's violation of federal law, Plaintiff has been damaged in an

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities. Plaintiff further seeks attorney's fees pursuant to the provisions of Title VII.

42.

Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory rate of 9% from September 1, 2021 through entry of judgment.

## SECONED CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Religion
### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

43.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

44.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

45.

When Plaintiff raised his well-founded and sincere religious objections to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with the same requirements that were expected of unvaccinated employees.

46.

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendant unlawfully terminated the Plaintiff. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination. Defendant has the burden under Oregon Law to accommodate the Plaintiff's religious beliefs to the same extent and degree as it is required to accommodate those with disabilities under the ADA. *See* ORS 695A.033(4) "A reasonable accommodation imposes an undue hardship on the operation of the business of the employer for the purposes of this section if the accommodation requires significant difficulty or expense." Defendant did not meet that burden and could have accommodated Plaintiff with minimal expense and without risking the safety of Plaintiff's fellow employees. Plaintiff's position meant he had limited contact with students and teachers, and his risk of contracting and transmitting the delta variant was similar to those that were vaccinated.

47.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities. Plaintiff further seeks attorney's fees pursuant to ORS 695A.030.

48.

Plaintiff is entitled to pre-judgment interest on his economic damages at the statutory rate of 9% from October 20, 2021 through entry of judgment.

///

///

Page 13 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

**THIRD CLAIM FOR RELIEF**

**Breach of 10 U.S.C. § 4701(Whistleblowing)**

**77.**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

49.

Plaintiff is a member of a protected class on the basis of his status as a whistleblower regarding violations of the law.

50.

The Plaintiff communicated the violations of the law involved in the vaccine mandate to managers and officers in charge of the School District such as Chelsea Reno, Assistant Human Resources Director and Ryan Richardson, Principal, Rex Putnam High School through his religious exemption form and subsequent emails.

51.

When Plaintiff raised his complaints regarding the defendant's violations of the law as outlined above, the Defendant NCSD Breached 10 U.S.C. § 4701 by terminating him in retaliation for reporting the violation of the law. The unlawful discrimination against Plaintiff as outlined above was a proximate cause of Plaintiff's wrongful termination.

52.

As a result of Defendant's violation of federal law, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities.

53.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff is entitled to pre-judgment interest on his economic damages at the statutory rate of 9% from October 20, 2021 through entry of judgment.

54.

Plaintiff also seeks costs and attorney's fees and costs under 10 U.S.C. § 4701(c)(4).

55.

**FOURTH CLAIM FOR RELIEF**

**Defendant NCSD Only**

**(Unlawful Employment Discrimination in retaliation for whistleblowing**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

56.

Plaintiff is a member of a protected class under Oregon law on the basis of his status as a whistleblower regarding violations of the law.

57.

The Plaintiff communicated the violations of the law involved in the vaccine mandate to managers and officers in charge of the School District such as Chelsea Reno, Assistant Human Resources Director and Ryan Richardson, Principal, Rex Putnam High School through his religious exemption form and subsequent emails.

58.

When Plaintiff raised his complaints regarding the defendant's violations of the law as outlined above, the Defendant NCSD breached Oregon law by terminating him in retaliation for reporting the violation of the law. The unlawful discrimination against Plaintiff as outlined above was a proximate cause of Plaintiff's wrongful termination.

59.

As a result of Defendant's violation of Oregon law, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities. Plaintiff further seeks attorney's fees pursuant to ORS 695A.030.

60.

Plaintiff is entitled to pre-judgment interest on his economic damages at the statutory rate of 9% from October 20, 2021 through entry of judgment.

## FIFTH CLAIM FOR RELIEF

### (Unlawful Employment Discrimination based on refusal to take a genetic test in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

61.

Plaintiff is a member of a protected class on the basis of his refusal to take a genetic test, namely the Covid-19 PCR test which was recalled by the FDA in December 2021, due to its inaccuracy.

62.

Oregon prohibits discrimination against any employ on the basis of the employee's refusal to take any genetic test. The law's definition of genetic test includes any test of DNA or RNA from human biological specimens. Since the Polymerase chain reaction test tests for RNA obtained from a human body, it is a genetic test under Oregon law.

63.

When Plaintiff objected to the mandatory test, the Defendant retaliated against the Plaintiff by terminating him. Termination for refusal to take a genetic test is an unlawful employment practice under ORS 659A.030(1)(A)

Page 16 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

64.

As a result of Defendant's violation of ORS 659A.030(1)(A), Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities. Plaintiff further seeks attorney's fees pursuant to ORS 695A.030.

65.

Plaintiff is entitled to pre-judgment interest on his economic damages at the statutory rate of 9% from October 20, 2021 through entry of judgment.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

66.

Plaintiff realleges all paragraphs above as if fully set forth herein.

67.

Defendants breached their employment contract with the Plaintiff by adding terms and conditions to her employment contract without her assent.

68.

Defendant breached express warrantees to the plaintiff in the original emails describing the accommodations that would be provided to those with sincere religious objections to the vaccines. Those express warrantees became part of the employment contract with the plaintiff. Plaintiff also relied on those promises to her detriment by continuing to work for the Plaintiff, submitting her religious exemption, and forbearing to search for other employment during the period from August 3 to August 27, 2021, when the Plaintiff was informed that she was not

Page 17 – COMPLAINT

going to receive a reasonable accommodation but would instead be constructively terminated.

69.

The breach of contract caused economic damages to Plaintiff and foreseeable physical, mental, and emotional distress damages, with physical and psychological effects on the Plaintiff's health and wellbeing as a result of the breach of contract. As a result of Defendant's breach of contract, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities..

70.

The Plaintiff reserves the right to elect between restitution damages, reliance damages, consequential damages, equitable relief (including but not limited to an injunction to stop such discrimination in the future), and specific performance, including but not limited to reinstatement to the Plaintiff's position, and termination of the employees and officers responsible for the discrimination.

71.

Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory rate of 9% from September 1, 2021 through entry of judgment.

## SEVENTH CLAIM FOR RELIEF

### (Wrongful Termination Under Oregon Common Law)

### (NCSD)

72.

Plaintiff realleges all paragraphs above as if fully set forth herein.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

73.

Pursuant to *Rohrer v. Oswego Cove, LLC* 309 Or. App. 489, 497 (Or. Ct. App. 2021) and *Brown v. Transcon Lines* 284 Or. 597 (Or. 1978), Plaintiff can bring a claim for wrongful termination against the defendant due to wrongful constructive termination that is against public policy. It is the public policy of the United States and State of Oregon to protect those with sincerely held religious beliefs from retaliation and discrimination on the basis of their religion.

74.

The termination was a wrongful act, motivated by animus towards the Plaintiff on the basis of her religious beliefs. The termination caused injuries to the Plaintiff. The constructive termination was wrongful since it was based on ratification of discriminatory animus on the part of administrators whose animus towards people with conscientious religious objections to the COVID-19 vaccines was the real reason behind the choice to deny reasonable accommodation to the plaintiff. The reasoning provided for the denial of the accommodation was a pretext for religious discrimination.

75.

As a result of Defendants' wrongful discharge, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities.

76.

Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory rate of 9% from September 1, 2021 through entry of judgment.

77.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## EIGHTH CLAIM FOR RELIEF

## (Causation of Harm in Violation of State, Federal, or International Law Under Oregon

## Common Law)

## (ODE)

78.

Plaintiff realleges all paragraphs above as if fully set forth herein.

79.

Pursuant to the Oregon Constitution's Remedies clause Article 1 Section 10, ("every man shall have remedy by due course of law for injury done him in his person, property, or reputation."), and *Gray v. Hammond Lumber Co*., 113 Or 570, 576 (1925) and *Urban Renewal Agency v. Lackey, 275 Or 35, 37 (1976).* Plaintiff can bring a claim against ODE if he can show that ODE violated any state, federal, or international law, and that violation of the law caused damages to him.

80.

The vaccine mandate imposed by the Oregon Department of Education Violated the Law and caused damages to the Plaintiff as stated above.

81.

As a result of Defendants' wrongful discharge, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities.

82.

Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

rate of 9% from September 1, 2021 through entry of judgment.

## NINTH CLAIM FOR RELIEF

## (42 USC 1983)

## (All Defendants)

83.

Plaintiff realleges all paragraphs above as if fully set forth herein.

84.

Defendants violated the Plaintiff's constitutional rights under color of law as outlined above. The violation of the Plaintiff's constitutional rights caused his wrongful discharge and resulting damages to him as outlined below.

85.

As a result of Defendants' wrongful discharge, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities.

86.

Plaintiff seeks costs and attorney fees under 42 USC 1983.

87.

## TENTH CLAIM FOR RELIEF

## (42 USC 1985)

## (All Defendants)

88.

Plaintiff realleges all paragraphs above as if fully set forth herein.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

89.

Defendants conspired together to violate the Plaintiff's constitutional rights under color of law as outlined above. The violation of the Plaintiff's constitutional rights caused his wrongful discharge and resulting damages to him as outlined below.

90.

As a result of Defendants' wrongful discharge, Plaintiff has been damaged in an amount of $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000 or an alternate amount to be determined at trial for suffering, emotional distress, anguish, humiliation, and mental distress. Plaintiff also seeks punitive/exemplary damages to deter the wanton and reckless conduct of the Defendants, in an amount to be determined at trial, but not less than sufficient to deter these entities.

91.

Plaintiff seeks costs and attorney fees under 42 USC 1985.

92.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on all claims in an amount to be determined at trial but constituting at least $500,000 in lost wages, decreased future wages and benefits for about $500,000 in total economic damages, or a different amount to be determined at trial, and for non-economic damages of $1,500,000, or a different amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Equitable relief, including but not limited to an injunction to stop defendants from discriminating in the future with liquidated damages guaranteed to any future employee

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

subjected to any discriminatory act by the defendant.

4.  Equitable relief in the form of reinstatement to the Plaintiff's previous position and

    termination of the employees and administrators responsible for the discrimination.

5.  Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

6.  Any other relief as the Court deems just and equitable.

    DATED this 20th day of September 2022.

                       JANZEN LEGAL SERVICES, LLC

                       By /s/ *Paul Janzen*

                       Paul Janzen, OSB No. 176240

                       paul@ruggedlaw.com

                       Of Attorneys for the Plaintiff

                       Caroline Janzen, OSB No. 176233

                       Trial Counsel